AMERICAN TOY MANUFACTURING COMPANY vs. JAMES G. McLOUGHLIN & another.

Suffolk.    March 10, 1915. — September 15, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract*, Performance and breach.    *Damages*, Recoupment.

In an action for the breach of a contract in writing by the defendant's failure to accept twenty-five thousand toy cannon manufactured and sold by the plaintiff to the defendant under an exclusive license to the plaintiff from the patentee of the toy, it appeared that a third person without right had placed a similar toy cannon on the market, and the defendant, alleging that he was injured by this competition, based his refusal to accept the toys and a claim in recoupment on the ground that the plaintiff had failed to protect the defendant from the infringement of the patent by the third person. It appeared that the contract was made by letter and contained no agreement of the plaintiff to guarantee the defendant against an infringement of the patent, but that the plaintiff merely agreed to sell the toy cannon to the defendant exclusively during the period of the contract; and certain oral evidence offered by the defendant, even if it had been admissible, failed to show any such agreement of guaranty. The excluded evidence, together with that which was admitted, did not show that there was in fact an infringement of the patent nor did it show any failure of the plaintiff to do what he ought to have done to restrain an infringement. *Held*, that there was no defence to the plaintiff's action for breach of contract and that no basis had been shown for any recoupment of damages.

CONTRACT for loss and damage to the plaintiff caused by the defendants' refusal to accept and pay for twenty-five thousand toy cannon according to a contract between the parties made on or about February 8, 1906. Writ dated December 18, 1908.

The defendants, in addition to an answer containing a general denial, filed what they called a declaration in set-off, claiming loss and damage alleged to have been suffered by them upon twenty-five thousand toy cannon previously purchased and paid for by them under the contract by reason of the plaintiff's (the defendant's in set-off) failure to furnish the exclusive sale of the toy cannon and permitting or failing to prevent other parties from interfering with sales of the toy cannon by the defendants (the plaintiffs in set-off).

In the Superior Court the case was tried before *Hitchcock,* J. The contract shown by the letters of the parties is stated in the opinion. The judge excluded certain evidence offered by the defendants as described in the opinion. No exception was taken to the judge's charge. The jury returned a verdict for the plaintiff in the sum of $500 and also found for the plaintiff upon the defendants' declaration in set-off. The defendants alleged exceptions.

*E. C. Stone,* for the defendants.

*A. W. Putnam,* for the plaintiff.

DE COURCY, J. Under the contract between the parties, the twenty-five thousand toy cannon delivered in 1906 were paid for by the defendants; but they refused to accept any of those which were to have been delivered in 1907. The cannon had been patented in the United States by one Tuttle, and he had granted to the plaintiff an exclusive license to market and sell the toy. It appears that a third person, the Milton Bradley Company, without legal right, placed a similar toy cannon on the market in 1906. The defendants, claiming to be injured by this competition, based their refusal to pay, and their claim in recoupment, upon the ground that the plaintiff failed to protect them from such infringement of the patent by others.

To this contention of the defendants a conclusive answer is that the plaintiff made no such agreement. What the plaintiff did agree was that it would not sell this cannon to any other party for two years. Thus in its letter of February 2, 1906, it wrote: "Providing you desire to do so we would agree for a period of a year or two to sell this style gun to you alone outside of our marketing some ourselves in our own games, if you could place orders with us which would warrant our doing so." In its letter of Feb-

ruary 6, it said: "We guarantee in return to sell this small gun to you exclusively as a Game Publisher for period of time specified." The defendants, in their letter of February 8, accepted this offer and added some particulars as to payment, which apparently completed all the details of the contract. The subsequent conduct of the defendants confirms the view that they regarded the letters as embodying the entire contract, and as guaranteeing only that the plaintiff would sell the cannon to them exclusively. And there is no evidence that it failed to carry out this promise.

The exceptions relate mainly to the exclusion of certain oral evidence which the defendants sought to introduce. Plainly it was not admissible on the first ground now argued, namely, that in the correspondence reference was made to some conversations between the representatives of the parties which would explain or amplify the contract in writing. The only instances relied on are the words in the defendants' letter of January 27: "Taking up the matter of the rapid fire cannon, about which your representative called the other day," and those in the letter of May 22: "Also in the absence of Mr. James McLoughlin who negotiated with you we are unable to say whether the goods conform to the sample discussed with him." These references relate to the identity of the cannon and clearly not to any alleged guarantee against infringement, on which the defendants' claim rests.

The defendants further argue that the evidence offered was of a collateral, oral understanding, to wit, an agreement to protect or guarantee the defendants against infringement by other parties of the patent rights under which the toy cannon were manufactured. The record however discloses no offer made to show any such agreement. All that the defendants asserted at the trial was that they were to be protected from competition under "rights granted under this patent," and not from "competition by something that was an infringement on this patent." As counsel said, in assenting to a statement of the presiding judge: "I am not going to try out the question of infringement, of course." Apparently it was assumed that the question of infringement involved a "case" arising under the patent-right laws of the United States, and within the exclusive jurisdiction of the Federal courts. See U. S. Rev. Sts. § 711; 4 Fed. Sts. Ann. 494; *Henry* v. *A. B.*

*Dick Co.* 224 U. S. 1, 14, 15. And even if such an agreement to protect against infringement had been shown, the offer of proof further failed to show that the plaintiff omitted to do anything which it ought to have done. It appears that the plaintiff not only sold none of the cannon to the Milton Bradley Company, but that when informed that this company apparently was infringing the Tuttle patent it promptly consulted its attorneys on the subject. The defendants did not offer to show what more it could have done. As the plaintiff was only a licensee of the patent it could not bring a suit in its own name, either at law or in equity, for the infringement. 30 Cyc. 1000, and cases cited.

With the issue of infringement eliminated, the offer of proof at the most was to show an agreement to give to the defendants the exclusive sale of these toy cannon in their games. This would add nothing to the contract set forth in the letters, even if we regard the letters as not containing the complete and final record of all the terms agreed upon.

There are additional grounds for overruling some of the exceptions, but it follows from what has been said that the excluded evidence, together with that which was admitted, was insufficient to show that there was in fact an infringement, or a failure by the plaintiff to do what it ought to restrain one, or a breach of any of the provisions of its contract. In short, the evidence offered did not go far enough to afford a defence to the plaintiff's claims or a basis for the claim in recoupment, called a declaration in set-off, filed by the defendants; and accordingly no error is shown in the exclusion.

*Exceptions overruled.*